UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY A. THOMAS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DUN & BRADSTREET CREDIBILITY CORP.,<br><br>    Defendant. | CASE NO. CV15-03194 BRO (GJSx)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>DISCOVERY MATTER<br><br>Hon. Gail J. Standish |

The Court, having reviewed and considered the Parties' Stipulation for Entry of Protective Order, and good cause appearing therefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>PURPOSES AND LIMITATIONS</u>

This Stipulated Protective Order is being entered into to facilitate the production, exchange, and discovery of Documents and information during the discovery process that the parties agree merit confidential treatment under Federal Rule of Civil Procedure 26(c) (referred to as the "Documents" or "Testimony"). During the course of this action, the Parties and certain Non-Parties may be subject to discovery requests and/or proceedings which seek the disclosure of information that the Party or Non-Party to whom the request is directed considers to be confidential, proprietary, or private. Accordingly, the Parties wish to preserve the confidentiality of proprietary, confidential, or private information through the use of a Stipulated Protective Order.

This Stipulated Protective Order provides reasonable restrictions on the disclosure of such sensitive materials. It does not confer blanket protection on all discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. Local Civil Rule 79-5 and Judge O'Connell's Standing Order set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file materials under seal.

This Stipulated Protective Order also provides that the Party requesting production of the information may challenge the Producing Party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive Documents will be unnecessarily designated as confidential. The Stipulated Protective Order allocates to the Designating Party the burden of justifying the confidentiality designation.

2.     DEFINITIONS

(a)     "Challenging Party":  a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

(b)     "Confidential Information":  all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information, the disclosure of which would, in the good faith judgment of the Designating Party or Non-Party, be detrimental to the conduct of that Party or Non-Party's business or the business of any of that Party or Non-Party's customers or clients.

(c)     "Confidential Information Attorneys Eyes Only":  all Documents and Testimony, and all information contained therein, and other information designated as "Confidential - Attorneys Eyes Only," if such Documents or Testimony contain highly sensitive business or financial information, the disclosure of which would, in the good faith judgment of the designating party or Non-Party, cause serious and irreparable harm to that party or Non-Party's business or the business of any of that party or Non-Party's customers or clients.

(d)     "Confidential Material":  "Confidential Information," and "Confidential Information Attorneys Eyes Only," as defined above, and together.

(e)     "Counsel" (without qualifier):  Outside Counsel of Record and In-house Counsel (as well as their support staff).

(f)     "Designating Party":  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential Information" or "Confidential - Attorneys Eyes Only."

(g)     "Expert":  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

Gibson, Dunn & Crutcher LLP

(h)   "Non-Party":  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(i)   "Producing Party":  the Parties to this action and any third-parties producing "Confidential Information" or "Confidential Information Attorneys Eyes Only" in connection with depositions, document production or otherwise, or the Party or Non-Party seeking the confidential treatment of any produced Documents or material, as the case may be.

(j)   "Protected Material":  any Disclosure or Discovery Material that is designated as "Confidential" or "Confidential - Attorneys Eyes Only."

(k)   "Receiving Party":  any party to this action, its Counsel, and/or any Non-Party that receives "Confidential Information" or "Confidential Information Attorneys Eyes Only" in connection with depositions, document production, or otherwise, in accordance with the terms of this Stipulated Protective Order.

3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Confidential Information or Confidential Information Attorneys Eyes Only, but also (i) any information copied or extracted from Confidential Material; (ii) all copies, excerpts, summaries, or compilations of Confidential Material; and (iii) any Testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Material.  However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment after the completion and exhaustion

Gibson, Dunn & Crutcher LLP

of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

(a)  Any Party (and any Non-Party who is a Producing Party) may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Confidential - Attorneys Eyes Only" either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned Counsel for the Parties to this case, or by other appropriate means as may be agreed to by the Parties.

(b)  For all deposition transcripts and/or exhibits, the Designating Party shall designate any portion of the Testimony (including, where appropriate, the entirety of the transcript) as "Confidential" or "Confidential - Attorneys Eyes Only" either on the record before the deposition is concluded, or in writing on or before the later of (i) thirty (30) days after the final transcript is received, or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e) (the later of (i) or (ii), the "Final Designation Deadline"). All deposition transcripts and exhibits shall presumptively be treated as Confidential until the Final Designation Deadline. After that time, only those portions of the Testimony that are designated for protection in accordance with this paragraph shall be covered by the provisions of this Stipulated Protective Order, and the deposition and/or exhibits shall be treated as Confidential Information or Confidential Information Attorneys Eyes Only only if it has appropriately been designated as such pursuant to this Stipulated Protective Order. Pages of transcribed deposition Testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(c)     Each Party or Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material or portions of material that qualify under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(d)     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

(a)     The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information or Confidential Information Attorneys Eyes Only.

(b)     The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within ten (10) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging

Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion to challenge the confidentiality designation under Local Civil Rule 37 (and in compliance with Local Civil Rule 79-5, if applicable) at any time. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

(d) If no such motion is filed, such Documents or materials shall continue to be treated as designated by the Producing Party. If such motion is filed, the Documents or other materials shall continue to be treated as designated by the Producing Party unless and until the Court rules otherwise. Should the Receiving Party move the Court for an order of declassification pursuant to this paragraph, the burden of justifying the confidentiality designation shall nonetheless remain on the Producing Party.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

(a) A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph thirteen (13) below ("Final Disposition").

     (b)    Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

     (c)    Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

     (1)    the officers, directors, and employees (including in-house Counsel) of Plaintiff or Defendant to whom disclosure is reasonably necessary for this litigation and who have been advised of their obligations under this Stipulated Protective Order;

     (2)    Counsel for the Parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such Counsel in the preparation of this action for trial or other proceedings, are under the supervision or control of such Counsel, and who have been advised by such Counsel of their obligations under this Stipulated Protective Order;

     (3)    Expert witnesses or consultants (but not personnel of any Party or competitors of any Party, as further specified in paragraph eight (8) ("Expert Witnesses and/or Consultants")) retained by the Parties or their Counsel to furnish technical or expert services in connection with this action or to give Testimony with respect to the subject matter of this action at the trial of this action or other proceeding, provided, however, that such Confidential Information must not be furnished, shown or disclosed except in accordance with paragraph eight (8);

     (4)    the Court, court personnel, and court reporters and their staff;

     (5)    copy or imaging services retained by Counsel to assist in the duplication of Confidential Information, provided that Counsel for the Party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information;

Gibson, Dunn &
Crutcher LLP

    (6) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

    (7) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

    (8) any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

    (9) any other person agreed to by the Parties in writing.

 (d) Documents, Testimony, or information designated as "Confidential - Attorneys Eyes Only" shall not be furnished, shown or disclosed to any person or entity except to those persons listed above under subsections (2), (3) (subject to paragraph 8 below), (4), (5), (6), and (8), unless the Producing Party otherwise consents in writing to any additional disclosure or the Court orders otherwise.

 (e) Before filing Confidential Material or discussing or referencing such material in court filings, the Challenging Party shall confer with the Designating Party to determine whether the Designating Party will remove the "Confidential" or "Confidential - Attorneys Eyes Only" designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 79-5 and Judge O'Connell's Standing Order set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

8. <u>EXPERT WITNESSES AND/OR CONSULTANTS</u>

 Before any disclosures of Confidential Information or Confidential Information Attorneys Eyes Only is made to an Expert witness or consultant pursuant to paragraph

seven (7) ("Access to and Use of Protected Material"), counsel for the Receiving Party shall procure the Expert's written agreement, in the form of the attached Exhibit A, to comply with and be bound by the terms of this Stipulated Protective Order. Confidential Information or Confidential Information Attorneys Eyes Only may be provided to an Expert witness or consultant to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this litigation, and each such Expert witness or consultant shall use Confidential Material solely in connection with this litigation. Without limiting the foregoing, Confidential Material may only be provided to an Expert or consultant who is not currently an employee of, discussing employment with, or advising or serving as a consultant to, any Party to this litigation or any competitor or potential transaction counterparty of any Party to this litigation, as far as the Expert or consultant can reasonably determine.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "Confidential" or "Confidential - Attorneys Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession (excluding a Non-Party who may be an unnamed member of the putative class), and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to the confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within ten (10) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

(d) The Parties agree that the provisions of this paragraph are in addition to, and are not intended to supersede, whatever other confidentiality protections, if any, may be afforded under state or federal law to a Non-Party's Confidential Information in the possession of a Party. Nothing in this Stipulated Protective Order purports to alter in any respect such protections, if any, afforded under state or federal law, regardless of whether those protections are supplemental to or inconsistent with the protections and procedures set forth in this Stipulated Protective Order.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Gibson, Dunn & Crutcher LLP

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

(a) If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Confidential - Attorneys Eyes Only," that Party must: (i) promptly notify the Designating Party in writing and include a copy of the subpoena or court order; (ii) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order, and include a copy of this Stipulated Protective Order; and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Material may be affected.

(b) The Party served with the subpoena or court order shall not produce any Confidential Material until the Party that designated the Confidential Material as such has had a reasonable opportunity to try to protect its confidentiality interests in the court or other forum from which the subpoena or order issued.

11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all unauthorized copies of the Protected Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

Gibson, Dunn & Crutcher LLP

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

(a)     If Confidential Information or Confidential Information Attorneys Eyes Only, properly marked as such, is inadvertently disclosed in contravention of the terms of this Stipulated Protective Order, Counsel for the Party who made the inadvertent disclosure must inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and use Counsel's best efforts to bind the person or persons, by requesting that such person or persons execute the "Acknowledgement and Agreement to Be Bound," attached as Exhibit A.  Counsel shall also immediately inform opposing counsel of the disclosure and surrounding circumstances, and use his or her best efforts to retrieve all unauthorized copies of the protected material.  In the event that anyone violates or threatens to violate any terms of this Stipulated Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person, and in the event the aggrieved party shall do so, any other parties or persons who are subject to the provisions of this Stipulated Protective Order shall not advance the argument that the aggrieved party possesses an adequate remedy at law.  The Parties and any other persons subject to the terms of this Stipulated Protective Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Stipulated Protective Order.

(b)     Information produced in discovery that is protected as privileged or work product shall be immediately returned to the Producing Party, and its production shall not constitute a waiver of such protection, if:  (i) such information appears on its face to have been inadvertently produced, or (ii) the Producing Party provides notice within fifteen (15) days of discovery by the Producing Party of the inadvertent production.

13. <u>FINAL DISPOSITION</u>

Within sixty (60) days after the final disposition of this action, as defined in paragraph four (4) ("Duration"), each Receiving Party must return all Protected

Material to the Producing Party or destroy such material. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in paragraph four (4) ("Duration").

14.  **MISCELLANEOUS**

(a)  Nothing in this Order shall preclude any Party from seeking to amend this Stipulated Protective Order for good cause shown.

(b)  Nothing in this Order shall prevent any Party or other person from seeking modification of this Stipulated Protective Order or from objecting to discovery that it believes to be otherwise improper.

Dated:   October 9, 2015

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], hereby attest to my understanding that information and/or documents designated as "Confidential" or "Confidential - Attorneys Eyes Only" may be provided to me pursuant to the terms, conditions and restrictions of a Stipulated Protective Order entered in the lawsuit entitled *Jeffrey A. Thomas v. Dun & Bradstreet Credibility Corp.*, Case No.CV15-03194 BRO (GJSx), pending in the United States District Court for the Central District of California.

I have been given a copy of the Stipulated Protective Order. I declare under penalty of perjury that I have read it in its entirety and understand the terms of the Stipulated Protective Order. With full knowledge of the terms and requirements of the Stipulated Protective Order, I agree to comply with and to be bound by its terms. I understand that failure to so comply, including by engaging in the unauthorized disclosure of information and/or documents designated as "Confidential" or "Confidential - Attorneys Eyes Only," could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose to others, except in accordance with the Stipulated Protective Order, such information or documents that have been designated as "Confidential" or "Confidential - Attorneys Eyes Only," and that I shall use such information or documents only for the purpose of the legal proceeding in which the documents were produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

///
///
///
///
///

Gibson, Dunn & Crutcher LLP

I also agree to subject myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

2015 10 07 PROPOSED PROTECTIVE ORDER.DOCX