1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| JEFFREY A. THOMAS, individually and on behalf of all others similarly situated, | Case No. CV15-03194 BRO (GJSx) |
|---|---|
| Plaintiff, | **AMENDED ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, (3) APPROVING NOTICE PLAN, AND (4) SETTING FINAL APPROVAL HEARING** |
| v. | |
| DUN & BRADSTREET CREDIBILITY CORP., | |
| Defendant. | |
| | Judge: Hon. Beverly Reid O'Connell |

## **ORDER**

This Amended Preliminary Approval Order replaces the Preliminary Approval Order (Dkt. No. 62) entered on September 27, 2016.

Subject to Court approval, Plaintiff Jeffrey A. Thomas ("Plaintiff" or "Settlement Class Representative") and Dun & Bradstreet Credibility Corp. ("DBCC," or "Defendant") entered into a Settlement Agreement dated September 8, 2016, in proposed settlement of this Action (together with its exhibits, the "Agreement").

Application has been made for preliminary approval of the settlement set forth in the Agreement (the "Settlement"), upon the terms and conditions in the Agreement. The Court has received and reviewed (1) the Agreement and all exhibits attached thereto; (2) Plaintiff's Memorandum in Support of the Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Approval of Notice Plan, and Setting of Final Approval Hearing and all exhibits attached thereto; and (3) all other pleadings and matters of record.

The Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class (as defined below). Upon review of the Agreement, it is hereby ORDERED as follows:

1. <u>Preliminary Approval of Proposed Settlement</u>. The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Settlement Agreement resulted from extensive arm's-length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and to warrant a full hearing on final approval of the Settlement.

2. <u>Class Certification for Settlement Purposes Only</u>. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement

purposes only, the following Settlement Class: All persons within the United States who, between April 28, 2011 and January 31, 2016, received a nonemergency Call from or on behalf of Dun & Bradstreet Emerging Businesses Corp., or its predecessor entities, Dun & Bradstreet Credibility Corp., Credibility Corp. and Brad Acquisition Corp. to a cellular telephone through the use of an automatic telephone dialing system. Excluded from the Class are Defendant; its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; any member of those judges' staffs and immediate families; and Plaintiff's counsel.

  3. In connection with this conditional certification, the Court makes the following preliminary findings:

    a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

    c. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

    d. Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the proposed settlement;

    e. For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement classes. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

   f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

 4. <u>Class Representative</u>. Plaintiff is designated as class representative.

 5. <u>Class Counsel</u>. The Court appoints Lieff Cabraser Heimann & Bernstein, LLP; Siri & Glimstad, LLP; and Parisi & Havens, LLP as Class Counsel. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

 6. <u>Settlement Hearing</u>. A final approval hearing (the "Settlement Hearing") shall be held before the Hon. Beverly Reid O'Connell of the Central District of California, located at 350 West 1st Street, Los Angeles, California, Courtroom 7C, on March 20, 2017, at 1:30, as set forth in the notice to the Settlement Class (described in Paragraph 7 below), to determine whether the Settlement is fair, reasonable, and adequate and should be approved. Papers in support of final approval of the Settlement, the incentive award to Plaintiff, and Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 12 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

 7. <u>Class Notice</u>. Class Notice shall be sent within thirty (30) business days following entry of this Order.

   a. <u>Mail or E-mail Notice</u>. The Claims Administrator shall provide individual notice via first class mail to all persons or businesses in the Settlement Class for which DBCC has contact information, and via email to the extent the

1  Claims Administrator is able to obtain the electronic mail addresses of Class
2  Members. The Claims Administrator shall use the Notice Database to obtain each
3  Class Member's last known address where available. The Claims Administrator
4  shall use the National Change of Address Database and other industry-standard
5  databases to update the mailing addresses in the Notice Database. Any Notices that
6  are returned as non-deliverable with a forwarding address shall promptly be re-
7  mailed by the Claims Administrator to such forwarding address. For each mailing
8  returned as undeliverable and with no forwarding address provided, the Claims
9  Administrator will conduct a search using the corresponding telephone number in
10 the Notice Database and, provided a reasonable match is found showing a new
11 address, update the address and re-mail notice accordingly.
12        b.   <u>Publication Notice</u>. By the Settlement Notice Date, the Claims
13 Administrator will design and publish a cost-effective publication notice program,
14 by internet rather than print notice, designed to reach businesses with web
15 impressions targeting cell phone owners.
16        c.   <u>Website Notice</u>. By the Settlement Notice Date, the Claims
17 Administrator shall maintain and administer a dedicated Settlement Website
18 containing class information and related documents, along with information
19 necessary to file a claim, and an electronic version of the Claim Form that Class
20 members can download, complete and submit electronically. At a minimum, such
21 documents shall include the Settlement Agreement and Exhibits, the Settlement
22 Notice, the FAQ Notice, the Preliminary Approval Order, a downloadable Claim
23 Form for anyone wanting to print a hard copy and mail in the Claim Form, the
24 operative complaint and answer in the Action, and when filed, the Final Approval
25 Order.
26        d.   <u>FAQ Notice</u>. The Claims Administrator shall also post on the
27 website a formal Frequently Asked Questions ("FAQ") Notice which shall set forth
28 in a question and answer format the details of the settlement, and the rights of Class

1  Members to participate in the Settlement, exclude themselves or object to the
2  settlement.

3        e.    <u>Toll Free Telephone Number</u>.  Within ten (10) days of
4  Preliminary Approval, the Claims Administrator shall set up a toll-free telephone
5  number for receiving toll-free calls related to the settlement.  That telephone
6  number shall be maintained until the Claims Deadline.  For a period of ninety (90)
7  days thereafter, a recording will advise any caller to the toll-free telephone number
8  that the Claims Deadline has passed and the details regarding the settlement may be
9  reviewed on the related Settlement Website.

10      8.    <u>Findings Concerning Class Notice</u>.  The Court finds that the foregoing
11  program of Class Notice and the manner of its dissemination is the best practicable
12  notice under the circumstances and is reasonably calculated to apprise the
13  Settlement Class of the pendency of this Action and their right to object to or
14  exclude themselves from the Settlement Class.  The Court further finds that the
15  Class Notice program is reasonable, that it constitutes due, adequate, and sufficient
16  notice to all persons entitled to receive notice, and that it meets the requirements of
17  due process and Federal Rule of Civil Procedure 23.

18      9.    <u>Settlement Administration</u>.  The Claim Form and the claims
19  submission process described in the Settlement Agreement are hereby approved.  In
20  addition, the Court confirms that it is appropriate for DBCC to provide the
21  information necessary to provide the notice contemplated herein and to administer
22  the settlement, including names, mailing and email addresses, and cellular
23  telephone numbers, to the extent DBCC can obtain this information.

24      10.    Exclusion from the Settlement Class.

25        a.    Settlement Class Members may opt out of the Settlement by
26  sending a written request to the Settlement Administrator at the address designated
27  in the Class Notice by the Opt-Out Deadline, which is sixty (60) days from the
28  Settlement Notice Date.

1             b.     Exclusion requests must state the Class Member's full name, address, and telephone number.  Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the Settlement.  Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement.

            c.     In the event that the number of valid opt-out requests exceeds 1,200 or more persons, DBCC in its sole discretion, may terminate the Settlement within ten (10) business days after the Opt-Out deadline.  In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into.

    All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Actions.

        11.    Objections to the Settlement.

            a.     Right to Object.  Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the "Objection Requirements" set forth below, by the Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described below shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the plan of allocation, or the award of any attorneys' fees and/or service awards.

            b.     Objection Requirements.  In the written objection, the Settlement Class Member must state his or her full name, address, and telephone

- 7 -

number, the reasons for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the Objection.

12. <u>No Admission of Liability</u>. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of the alleged claims in the operative complaints.

13. <u>Stay/Bar of Other Proceedings</u>. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

14. <u>Schedule of Future Events</u>. Further settlement proceedings in this matter shall proceed according to the following schedule:

    a. 30 business days of entry of this Order: Deadline to provide Class Notice (the "Class Notice Date"), November 8, 2016;

    b. 60 calendar days after the Class Notice Date: Last day to Object or Opt-Out, January 7, 2017;

    c. 90 calendar days after the Class Notice Date: Last day to submit a Claim Form, February 6, 2017; and

    d. March 20, 2017 at 1:30 p.m.: Final Approval Hearing.

IT IS SO ORDERED.

DATED: September 28, 2016

_____
HON. BEVERLY REID O'CONNELL
United States District Judge

- 8 -